**UNITED STATES of America**

v.

**Willard Lee GOLDMAN.**

**Crim. No. L–88–438.**

United States District Court,
S.D. Texas,
Laredo Division.

Oct. 13, 1988.

Louis Menendez Asst. Public Defender, Laredo, Tex., for defendant.

Mark Dowd, Asst. U.S. Atty., Laredo, Tex., for the U.S.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending is Defendant's motion to suppress. Once again this Court must visit the intersection of U.S. Highway 59 and State Highway 44, just west of Freer, Texas. This intersection was the scene of an

earlier motion to suppress in *United States v. Frazier*, et al., Criminal No. L–86–354 (S.D.Tex. Nov. 7, 1986), a case in which, coincidentally, the same Border Patrol agent was involved, Roberto Porras.

Here, as in *Frazier*, the agents became suspicious when a vehicle traveling east on Highway 59 executed an otherwise routine left turn at the Highway 44 intersection. In *Frazier*, Porras testified that it was "station policy" to stop all vehicles making such a turn. In this case Agent Porras takes a more refined position. Supposedly, it is now the policy to automatically pursue any vehicle turning left on 44 but to stop it only if subsequent facts give rise to "probable cause" to believe that a crime is being committed. Of course, the Court recognizes that the lesser test of "reasonable suspicion" would suffice. Nonetheless it is difficult to find objective facts which would create a reasonable suspicion of criminal activity in this case.

Apart from the turn itself, Agent Porras pointed to the California license plates, some kind of body motion within the van, and "erratic driving." Porras was apparently working the checkpoint approximately a mile from the intersection and did not even begin to start his vehicle and give chase until the Defendant's vehicle had already turned onto Highway 44. Nevertheless, Porras caught up with the Defendant's vehicle and stopped it 6 miles down the road. The Court must conclude from these physical facts that Porras was not directly following the van very long. The exact nature of the body movement he allegedly observed is difficult to understand. There were three people in the van, two in the front seat and one in the back. Porras says that he did not see movement in front; therefore, whatever he saw must have involved the third person. When he ultimately stopped the van and looked in, he saw that this third person was a female who had been reclining and was just then in the process of raising her body. His description of the prior movement was somewhat vague, apparently consisting of a head moving in different directions as if it were carrying on a conversation. This hardly seems indicative of criminal activity.

With respect to the "erratic driving," Porras confirmed his written report that he noticed the van weave from the center strip to the shoulder of the highway after the driver had noticed a marked Border Patrol sedan behind him. Again this hardly seems indicative of criminal conduct, especially concerning the very brief time that Porras would have observed this vehicle.

In summary, while the facts here are perhaps slightly stronger than those in *Frazier*, they still do not justify this stop. Regrettably the Court concludes that it must grant the motion to suppress. At least two years ago, this Court ventured the opinion that if the Border Patrol is seriously concerned about every vehicle turning left on Highway 44, the exquisitely simple remedy would be to merely move the checkpoint west by approximately one mile. Obviously this has still not been done. The Court can only wonder why, although Agent Porras now indicates that the checkpoint may be moved some 15 miles west.